Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Sierra Ray

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sierra Ray, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| | (Fair Credit Reporting Act |
| Equifax Information Services LLC, a Georgia limited liability company, | 15 USC § 1681 et seq) |
| | DEMAND FOR JURY TRIAL |
| Defendants. | |

**Preliminary Statement**

1. This is an action for damages brought by Sierra Ray against Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*.  (FCRA).

**The Parties**

2. Plaintiff Sierra Ray is an individual consumer.

3. Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia.

**Jurisdiction & Venue**

4. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

5. The defendant regularly conducts business in this district and the events described in this complaint arose in this district. Plaintiff is a permanent resident of Sacramento, California.

## Description of the Case

6. Plaintiff Sierra Ray is a second year student at New York University.

7. In December 2012, plaintiff applied online for student loans with Chase Bank and other banks to help pay for her first year at the university, but the banks declined her applications.

8. In the same month, she determined that the problem was that when credit grantors tried to access her Equifax credit report, Equifax responded it had no credit files for plaintiff.

9. In December 2012, plaintiff had a checking account and a credit card from Wells Fargo Bank along with a few other accounts. Therefore, she had a credit history. Experian and Trans Union readily provided credit reports to credit grantors proving she had credit history.

10. In December 2012, plaintiff talked to Equifax representative in telephone calls at which time she complained that Equifax was providing credit information to her credit grantors. At that time, she faxed copies of her driver's license, social security card and other identification to Equifax with a request to send her a copy of her Equifax credit report, but Equifax failed to send her a copy of her credit report.

11. In April 2013, plaintiff applied to Wells Fargo Bank for a student loan. Wells Fargo informed plaintiff there was a block on the file and for that reason the bank could not pull a copy of her credit report and therefore the bank would not give her a loan. Plaintiff called Experian, Trans Union and Equifax and in the conversations determined Equifax was the problem, *i.e*., the credit bureau that was refusing to provide plaintiff's report to Wells Fargo.

12. In April 2013, plaintiff tried again to get Equifax to send her credit report to credit grantors and to send her a copy of her report. In a telephone conversation, an Equifax representative told plaintiff to fax a cover letter and copies of her social security card and driver's license and to

wait 48 hours for processing. Plaintiff did so, waited 48 hours, and then called Equifax asking if the problem was resolved. For several days Equifax representatives refused to confirm receipt of her documents. No one would transfer her call to the department that was processing her request. One representative became extremely rude when plaintiff asked to speak to her manager. Days later, in a telephone conversation, an Equifax representative told plaintiff her documents had been received and Equifax was working on the problem. Plaintiff assumed the problem would be resolved, but it was not.

13. In August 2013, before going back East for school, plaintiff applied to Wells Fargo Bank for a student loan. The bank declined stating that Equifax was saying it had no credit files on plaintiff and no records at all.

14. In August 2013, plaintiff contacted Equifax by phone on multiple occasions. An Equifax representative claimed Equifax had no record of her having faxed her personal identification in April 2013. An Equifax supervisor gave plaintiff and email address so she could email copies of her identification. She did so, but on August 9, 2013, Equifax sent her an email stating it "was unable to locate a file for you" and that she should "contact a live agent" in customer service "for prompt assistance on this matter."

15. Weeks later, an Equifax representative gave plaintiff a telephone number so her creditors could call to get plaintiff's credit information. Plaintiff gave the number to her contacts at Wells Fargo and Kohl's; however, her contact at Wells Fargo called her back to say that Equifax told him no information concerning the plaintiff would be released due to privacy concerns.

16. Plaintiff called Equifax back to report the incident; the representative gave her another number that turned out to be a non-working number.

17. In August 2013, plaintiff attempted to sign up with Wells Fargo's "enhanced identity theft protection," which is a credit monitoring service. Wells Fargo informed plaintiff that its

monitoring of her Experian and Trans Union files were set up, but that it was unable to process her credit monitoring service with respect to Equifax.

18. On October 11, 2013, plaintiff faxed a letter with copies of her social security card, California driver's license, and an earnings report asking Equifax to remove the block on her files and to update her. Plaintiff provided her cell phone number and email. Plaintiff said the matter was urgent because she was applying for a student loan. To date, she has had no response.

19. Plaintiff has been damaged not being able to obtain student loans she would have obtained but for Equifax's failure to provide her credit report to her and her prospective credit grantors on request. As of September 2013, plaintiff was on the verge of having to leave New York University because of lack of funds. The prospect of being made to leave the university caused plaintiff to experience several panic attacks.

20. Despite plaintiff's efforts, Equifax willfully, intentionally, recklessly and negligently repeatedly failed to accurately disclose to her all information in her file at the time of her requests as required by 15 U.S.C. § 1681g(a)(1).

21. As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**First Claim: Violations of the Fair Credit Reporting Act—Against Equifax**

22. Plaintiff incorporates by reference ¶¶ 1 through 21.

23. The Fair Credit Reporting Act, 15 U.S.C. § 1681g provides that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request, with exceptions not relevant to plaintiff's claim.

24. Plaintiff provided Equifax adequate identification each time she requested Equifax to provide her and her credit grantors copies of her Equifax credit files.

25. Equifax violated § 1681g in failing to provide her and her credit grantors copies of her credit files.

26. Equifax also failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

27. After plaintiff disputed the completeness and accuracy

28. As a result of the above-described violations of § 1681g and § 1681e(b),

29. Plaintiff has sustained actual damages.

30. Equifax's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;

2. Injunctive relief;

3. Costs and attorney's fees; and

4. Such other relief as the Court may deem proper.

Dated: October 25, 2013.

ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
        Mark F. Anderson
        Attorney for Plaintiff

//

//

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: October 25, 2013.

ANDERSON, OGILVIE & BREWER LLP


By */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff